# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL B. VARGAS,<br><br>                              Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, Warden, et al.,<br><br>                              Respondents. | Case No.:  20-cv-516 LAB-JLB<br><br>**ORDER CONSTRUING LETTER AS NOTICE OF APPEAL [Dkt. 12]** |

      Raul B. Vargas ("Petitioner") is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner challenges his San Diego County Superior Court conviction for second degree murder with the additional finding that he personally used a deadly weapon, a knife, true findings on two prior strike allegations and resultant sentence of 46 years to life. By its October 19, 2020 Order, the Court denied the Petition and denied a certificate of appealability. (Dkt. 9.)

      Petitioner received that Order on November 2, 2020 and, two days later, wrote a letter to the Court seeking a 120-day extension of "any deadlines." (Dkt. 12.) The prison's response to the COVID-19 pandemic, he explained, included restrictions on access to the prison library, so he "[did] not know how to proceed or if there[']s a time limit for [him] to get back at the Court to proceed with [his] appeal." *Id.* That letter, apparently subject to a delay in the mail, didn't arrive in the Clerk's office until December 18, 2020, forty-four

///

days after it was written. The Court accepted the letter *nunc pro tunc* to November 4, 2020. (Dkt. 11.)

Appellants must file a notice of appeal within 30 days of the order being appealed from. Fed. R. App. P. 4(a). Trial courts have limited power to extend that deadline. Fed. R. App. P. 4(b). But there is no need for an extension where a timely filing, although styled as a different document, provides notice sufficient to apprise the courts and parties of the litigant's intent to appeal. *Smith v. Barry*, 502 U.S. 244, 248–49, 112 S. Ct. 678, 682, 116 L. Ed. 2d 678 (1992). A motion for extension of time to file a notice of appeal "may be considered the functional equivalent of" the notice itself if it gives notice of: (1) the party taking the appeal; (2) the judgment or order being appealed; and (3) the court to which the appeal is taken. *Andrade v. Attorney General of State of California*, 279 F.3d 743, 752 (9th Cir. 2001); *see also* Fed. R. App. P. 3(c)(1) (requirements for notice of appeal); *Barry*, 502 U.S. at 248 (requiring liberal construction of Rule 3).

Petitioner's letter was filed within the 30-day window for notices of appeal, it identifies Petitioner as the party taking the appeal, and it designates the Court's Order "den[ying] my Petition for Writ of Habeas Corpus" as the matter being appealed. While it doesn't state that the appeal would go to the Ninth Circuit Court of Appeals, that failure is "immaterial" where the appeal would normally go to that Court. *U.S. v. Blue*, 350 F.2d 267, 270-71 (9th Cir. 1965), *rev'd on other grounds by U.S. v. Blue*, 384 U.S. 251 (1966); *see also, e.g., United States v. Cantwell*, 470 F.3d 1087, 1089 (5th Cir. 2006) (motion for extension of time that doesn't identify appellate court suffices as notice of appeal where that court "is the only court to which [appellant] could appeal").

The Court construes the letter as a notice of appeal. The Clerk of Court is **ORDERED** to serve the letter and a copy of this Order pursuant to Fed. R. App. P. 3(d).

**IT IS SO ORDERED.**

Dated: December 28, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge